CITY OF GALLATIN, Respondent, v. TILDEN FAN-NIN, Appellant.

### Kansas City Court of Appeals, January 27, 1908.

1. **APPELLATE PRACTICE: Conflict of Evidence: Credibility of Witnesses.** The appellate court even in criminal cases does not pass upon the mere question of the preponderance of the evidence nor the credibility of the witnesses, and these are questions for the jury and the impeachment of a witness does not change the rule.

2. ———: **City Ordinance: Assault: Motive: Evidence.** Evidence that the prosecuting witness had been a witness against the defendant in another prosecution, is admissible to show motive on the part of the defendant in assaulting the prosecutor in violation of a city ordinance.

3. **TRIAL PRACTICE: City Ordinance: Assault: Instructions.** There is no error in refusing the instruction when the instructions as given properly cover the case.

4. ———: ———: **Complaint: Civil Action.** In a complaint for the violation of a city ordinance only that degree of certainty is required which will inform the defendant of what he is called upon to defend. The proceeding is a civil action and the sufficiency of the complaint is determined with the same rules that control in other civil cases.

Appeal from Daviess Circuit Court.—*Hon. Joshua W. Alexander*, Judge.

AFFIRMED.

*S. W. Brandom* for appellant.

(1)   Appellant had a right in self-defense to strike first, and it is not assault to use force in self-defense. State v. McDonald, 67 Mo. 18; Morgan v. Durfee, 69 Mo. 475; Nichols v. Winfrey, 79 Mo. 547; 2 Bishop, New Criminal Law, sec. 37; State v. Rapp, 142 Mo. 447.   (2)   The act of witness Cogswell in displaying an open knife in a threatening manner accompanied by words calculated to excite fear was an assault, and appellant had a right to resist with force.   See cases above cited and Hickey v. Welch, 91 Mo. App. 14, quoting from Pollock on Torts, 251, and 1 Wharton's Criminal Law (10 Ed.), 1606; see also discussion of same principle in State v. Dooley, 121 Mo. 601; 3 Greenleaf on Evidence (14 Ed.), sec. 59.   (3)   The evidence does not warrant a conviction of the defendant and the appellate court should reverse the decision of the circuit court when the conviction is not warranted by the evidence.   State v. Marshall, 47 Mo. 381; State v. Bird, 1 Mo. 585; State v. Mansfield, 41 Mo. 473.   (4)   The defendant not being a witness in the case, the admission of evidence, over defendant's objection, of defendant having been indicted for another crime, and of his having tried to induce a witness to not testify or not appear against him was erroneous for all such evidence should have been excluded.   State v. Underwood, 75 Mo. 236. (5)   Appellant has the same rights in this cause that he would have if prosecuted by the State on a charge of common assault under the general statutes.   St. Louis v. Schoenbusch, 95 Mo. 621.   (6)   The statement or complaint (or information) does not sufficiently state any offense, does not state facts sufficient to constitute any cause of action against the defendant, and does not state the manner of the alleged assault with sufficient particularity.   State v. Green, 111 Mo. 588; State v. Austin, 113 Mo. 543.

*Geo. F. Alexander* and *J. A. Selby* for respondent.

(1)   Even in those jurisdictions where proceedings of this nature are regarded as quasi-criminal and a formal information is provided for,  that  particularity which is technically necessary to constitute a good indictment is not required.   McQuillin, Munic. Ord., sec. 313, p. 491; Trenton v. DeVorss, 70 Mo. App. 8; St. Louis v. Smith, 10 Mo. 439; St. Louis v. Knox, 74 Mo. 79; St. Joseph v. Levin, 128 Mo. 588; St. Louis v. Weitzel, 130 Mo. 600; Springfield v. Ford, 40 Mo. App. 586; Gallatin v. Tarwater, 143 Mo. 40; State v. Dunbar, 43 La. Ann. 836; State v. Baker, 44 La. Ann. 79.    (2) Liberal rules of pleading and practice pertain to suits and prosecutions to enforce municipal ordinances.   St. Joseph v. Levin, 128 Mo. 592, and cases cited.    (3) In most jurisdictions, the statement is not tested by the rules appertaining to criminal procedure, but by those applicable to civil actions.   Springfield v. Ford, 40 Mo. App. 586; St. Louis v. Weitzel, 130 Mo. 600; St. Louis v. Smith, 10 Mo. 439.    (4)  The information charges an assault and there is enough in it to inform defendant of what charge he must meet and that is sufficient.   St. Louis v. Knox, 74 Mo. 79; State v. Adams, 108 Mo. 208; State v. Davis, 70 Mo. 467; Springfield v. Ford, 40 Mo. App. 586; McQuillin, Municipal Ordinances, sec. 313, p. 491.

BROADDUS, P. J.—The defendant was tried and convicted for a violation of ordinance nine of the city of Gallatin on a charge of assaulting, beating and wounding one Homer Cogswell with a rock against the provision of said ordinance.   The case was first tried before a justice of the peace, where defendant was convicted and he appealed.

The evidence was to the effect that within the limits of the city of Gallatin the defendant struck the prosecutor on the head with a rock.   Of this there is no dis-

pute.    It is the contention, however, of defendant that he acted in self-defense as the prosecutor at the time was advancing on him with an open knife in his hand.

The prosecuting witness swore positively that he did not draw his knife and advance upon defendant; that he did have an open knife in his hand whittling on a piece of wood when defendant came to the place, where he was standing; and that when defendant threw and struck him he had his back to him.    A witness by the name of Everman saw the occurrence and testified that he did not see the prosecuting witness advance upon defendant with a drawn knife, but on the contrary he was standing with his back partly to defendant when he threw the rock.    And the evidence further tended to show that it was defendant that brought on the difficulty.

The defendant's evidence tended to show that he acted in self-defense.    The court properly instructed the jury as to defendant's right of self-defense.    Under this state of the evidence we are at loss to know why defendant's counsel insists that defendant was not   proven guilty, or that the right of self-defense was sustained. The case was one for the jury.    This court even in criminal cases does not pass upon the mere question of a preponderance of the evidence.    The fact that evidence was introduced attacking the reputation of the witness Everman for veracity, went to his credibility.    And evidence was introduced attacking the reputation of some of defendant's witnesses for veracity also.    But the credibility of the witnesses was a question for the jury.

It seems that defendant had been prior to the difficulty indicted for gambling and the prosecutor had been subpoenaed as a witness in that case, to which reference was made, wherein witness stated that, defendant tried to hire him to go out of the county and not appear and testify against him.    The defendant objected to his evidence on the ground that it was immaterial.    The evi-

dence tended to show that it was because the prosecutor was a witness against defendant for crap shooting, defendant made the attack on him and struck him with a rock. The court admitted the evidence as going to show a motive for the offense. As defendant did not testify in the case it is insisted that it was error to admit evidence affecting his credibility. But we think it was competent for the purpose stated by the court to show defendant's motive for the assault. The evidence tended to show that the difficulty grew out of the fact that the prosecutor had been a witness against defendant. Any evidence that tends to show a motive tends also to show guilt on the part of the defendant charged with a criminal offense. [State v. Collins, 181 Mo. 235.]

The court refused some of the instructions asked by defendant, but as it gave proper ones covering the case in full there was no error in such refusal.

The complaint is alleged to be insufficient to support a conviction. The information after alleging the existence of a certain ordinance of the city providing for the punishment of offenses against "public peace and quiet," states, "that on the 13th of December, 1905, at the city of Gallatin and within the corporate limits thereof, the said Tilden Fannin did unlawfully assault, beat and wound one Homer Cogswell with a rock against the peace and dignity of said city and contrary to the provisions of said ordinance." The assault as alleged was a breach of the peace and therefore a violation of the ordinance. Only that degree of certainty is required which will inform the defendant of what he is called upon to defend. [McQuillin's Municipal Ordinances, sec. 312.] The same strictness is not required as in an indictment. [City of St. Joseph v. Levin, 128 Mo. 588.] "A prosecution under a city ordinance is but a civil action and the sufficiency of the complaint

therein must be determined by the same rules that control in other civil actions." [130 Mo. 600.]

Other points are raised in the defendant's brief, but they seem to us to be of no importance. Affirmed. All concur.